**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HUGH A. CARITHERS, etc., et al.,

        Plaintiffs,

vs.                                                            Case No. 3:16-cv-988-J-32MCR

MID-CONTINENT CASUALTY COMPANY,

        Defendant.

## **ORDER**

This case came before the Court on August 8, 2017 for a hearing on pending motions, the record of which is incorporated by reference. As I advised the parties at the hearing, in the interest of time, I am issuing these rulings without a lengthy opinion, but having fully considered the issues.

I find the current complaint to be filled with too many conclusory and boilerplate allegations. Defendant's **motion to dismiss (Doc. 14)** is therefore **granted without prejudice** to plaintiffs filing a more targeted and focused amended complaint, taking into account the discussion at the hearing. The amended complaint shall be filed no later than **September 18, 2017**. Defendant shall file its answer by **October 10, 2017**.[1]

To avoid further delay, plaintiffs' **motion to compel (Doc. 38)** is **granted in part** to the extent that plaintiffs may seek discovery that is pertinent to their bad faith or failure to settle claim regarding the Cronk Duch claims only. The time span will be from Mid-

---

[1] While I expect that defendant will answer, I do not foreclose the possibility that defendant could file a motion to dismiss if warranted.

Continent's first notice of the claim until the claim was finished. Within those parameters, the Court expects Mid-Continent to be fully responsive in good faith. For now, the Court is not permitting discovery which predates the Cronk Duch claim, nor is it allowing pattern and practice discovery necessary to support a punitive damages claim. As appropriate, the Court will revisit these rulings later, but for now plaintiffs' motion to compel is otherwise **denied** (including the request for attorney's fees in bringing the motion). The parties are directed to confer to arrange the production of discovery allowed under this Order.

The Court also wishes to receive briefing on damages so it can better understand the case. No later than **October 16, 2017**, plaintiffs shall file a brief of no more than 15 pages describing the compensatory damages in the case and the legal support for those damages (including the "disgorgement" theory). Plaintiffs shall also address whether Florida statutory limits on punitive damages apply and if not, why not. No later than **November 17, 2017**, defendant shall file a responsive brief on damages of no more than 15 pages.

The parties are directed to confer and file a joint **case management report** no later than **September 18, 2017**.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of August, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record